### SMALLWOOD v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1915.)

No. 142.

1. HOMESTEAD ⚮138—ELECTION BETWEEN HOMESTEAD AND DISTRIBUTIVE SHARE.

Under the laws of Iowa, the husband of an intestate inherits one-third of her real estate, termed his distributive share, or, at his election, the right to the homestead exempt from the claims of creditors. A bankrupt's wife owned 110 acres of land, and with her husband and children lived on the 40 acres constituting the homestead until her death in December, 1912. The husband and children continued to occupy the premises until February 20, 1913, when the husband conveyed to the children all his right, title, and interest therein. On April 9, 1913, he filed a voluntary petition in bankruptcy and listed in his schedules "a dower interest of one-third" in the 110 acres, also claiming as his exempt homestead the 40-acre tract. *Held*, that the deed to the children did not show an election by the husband to abandon his homestead right and convey his distributive share to defraud his creditors, nor was the listing of "a dower interest" of persuasive significance, while his continuous living on the homestead after the death of his wife, and his claim of the homestead exemption when he filed his petition in bankruptcy, evidenced his election to claim the homestead right.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. ⚮138.]

2. FRAUDULENT CONVEYANCES ⚮52—EXEMPT PROPERTY—HOMESTEAD RIGHT.

Where one, having a homestead right exempt from the claims of creditors, conveyed it to his children, the owners of the fee, subject to the homestead right, in consideration of his love and affection for them and their verbal agreement to care for him, the conveyance was valid against his creditors and all the world.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 118–127; Dec. Dig. ⚮52.]

Petition to Revise Order of District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

In the matter of Thomas Moore. On petition by Charles W. Smallwood, trustee in bankruptcy, to revise an order in favor of George Moore and others respecting an interest in land. Petition dismissed.

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. C. Mabry and Thomas Hickenlooper, both of Albia, Iowa, for petitioner.

John W. Lewis and R. R. Ramsell, both of Ottumwa, Iowa, for respondents.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. This case comes by a petition to revise an order of the court of bankruptcy, and it presents a single question: Did Thomas Moore by his deed of February 20, 1913, elect to take his distributive share in the 110 acres of land in Iowa of which his wife died seised, so that he thereby estopped himself from electing and holding his homestead right in the 40 acres thereof on which he had lived for years, and on which he was living with his two unmarried sons when he was adjudged a bankrupt on April 9, 1913?

[1] Under the laws of Iowa the husband of a wife who dies intestate inherits, at his election, one-third of her real estate, which is termed his distributive share, or the right to possess and occupy the whole homestead exempt from the claims of his creditors. The distributive share is termed the primary right, the right presumed in the absence of an election. A method of election is prescribed by statute, but it is not exclusive. There was no such election in this case. The time within which it might be made did not expire before the conclusion of the proceedings in this case. A conveyance of the distributive share has been held in many cases to constitute an election of that share. Possession and occupancy of the homestead for many years have been held to evidence an election of the homestead right. No hard and fast rule has been established that every conveyance by one of his distributive share is an irrevocable election thereof, or that every continuing possession and occupation constitutes a choice of the homestead right. The courts of Iowa have determined each election by the facts and circumstances of each particular case.

From the year 1900 until her death on December 28, 1912, Catherine Moore, the wife of Thomas Moore, the bankrupt, was the owner of 110 acres of land in Mahaska county, Iowa. She, her husband and three children lived on this land in a dwelling house and appurtenant buildings upon 40 acres of it which is described as the northwest quarter of the northeast quarter of section 34, township 74 north, of range 17 west. Since her death Mr. Moore and his two sons, one of whom was a minor, employed a housekeeper and continued to occupy and use the premises as their home. Mattie Forsyth, Earl T. Moore, and Perrin L. Moore are the only children and the only heirs at law of Catherine Moore. On February 20, 1913, Mr. Moore in consideration of love and affection for these children, and of their verbal agreement to care for him in his old age, made a warranty deed to them of all his right, title, and interest, whether at law or in equity, and of all and any kind in the 110 acres. On April 9, 1913, Moore filed his voluntary petition in bankruptcy. In Schedule B (1) attached to his petition he listed "a dower interest of one-third" in the 110 acres, and in the same connection he claimed his homestead exemption in these words:

"The petitioner owns and claims as his exempt homestead under the laws of Iowa, the" 40-acre tract on which the buildings were situated, which he described according to the government survey.

After the trustee was chosen he insisted that Moore's deed of February 20, 1913, constituted an election by him of his distributive share of the estate of his wife and estopped him from thereafter claiming his homestead right in the 40-acre tract on which he lived, that the deed was voidable as to his creditors and that this trustee, as their representative, was entitled to take and sell one-third of the 110 acres and to apply the proceeds of the sale to the payment of the claims of Moore's creditors. The referee sustained, but the court below overthrew, this contention, and. held that the bankrupt was still entitled to his homestead right in the 40-acre tract on which he had resided so many years, and on which he was still living.

[2] Conceding, without deciding, that if Moore had elected to take and had conveyed to his children his distributive share in his wife's estate, without any other consideration than his love and affection for his children and their verbal agreement to care for him, that conveyance would have been voidable by his creditors, it is also certainly true that if he had elected to take his homestead right in the 40-acre tract and for the same consideration had conveyed that right to his children, who were the owners of the fee therein subject to his homestead right, that conveyance would have been valid against his creditors and all the world. Green v. Root (D. C.) 62 Fed. 191, 199, 200; In re Feas' Estate, 30 Wash. 51, 70 Pac. 270, 272; Wilson v. Fields (Tex. Civ. App.) 50 S. W. 1024. Fraud is not to be presumed. That interpretation which validates should be preferred to that which avoids a contract or deed. And that construction of acts and sayings which tends to sustain should be preferred to that which tends to destroy the rights of homesteaders. Read the deed of February 20, 1913, in the light of these familiar rules, and no election to abandon his homestead right and convey his distributive share to defraud his creditors is readily perceptible. If he had made a warranty deed of an undivided third of the 110 acres, there might have been some basis for the contention that he had thereby evidenced his intention to select his distributive share in preference to his homestead right and to convey the former. But he did not do this. He conveyed nothing, and he warranted the title to nothing, but his right, title, and interest, whatever it was or might be, in the 110 acres. The description in the conveyance covers his homestead right as completely as it does his distributive share. This description and the deed itself were probably drawn, and Moore executed the latter, without any purpose or intention whatever to make or evidence any choice or election between the distributive share and the homestead right of the grantor, but with the sole purpose of releasing to his children all the interest he had in the land, of whatever character it might be, in consideration of their undertaking to carry him comfortably through his later years. To deduce from such a conveyance the conclusion that the grantor intended thereby to select one-third of the 110 acres as his distributive share, and make a voidable conveyance of it to his children to defraud his creditors, when without defrauding his creditors, and with honest intent, he could by the same

deed vest an unassailable title to the same property in the grantees, by selecting and relinquishing to them his homestead right, is such a forced and unwarrantable deduction that it fails to commend itself to the judgment. Dower had long been abolished in Iowa when Moore filed his schedule, and his listing of "a dower interest of one-third" in the 110 acres is without persuasive significance upon the issue in this case. But his continuous living on his old homestead after the death of his wife, and his clear claim of his homestead exemption when he first filed his petition in bankruptcy, evidence his true choice and real intention. The court below made no mistake in its conclusion that the bankrupt had never elected to take his distributive share of the estate of his wife and that he was not estopped from choosing and securing his homestead right in the 40-acre tract.

Let the petition be dismissed.