**BERRY v. GODWIN et al.** ·(No. 137–3048.)

(Commission of Appeals of Texas, Section A.
June 2, 1920.)

**1. Homestead ⬢⟊173—Not abandoned by merely filing partition suit.**

The mere filing, by a widower, of suit to partition homestead, which was not prosecuted but abandoned and suit changed to one of trespass to try title claiming all the land, did not constitute a waiver or abandonment of homestead rights set up in reply to the answer of defendants claiming title to part of the land.

**2. Homestead ⬢⟊181(3)—That plaintiff's children were not living with him when suit was filed did not show abandonment.**

Under Const. art. 16, § 52, the fact that plaintiff's children were not living with him when suit was filed was not conclusive that he had abandoned his homestead; nor would it follow, from that fact alone, that he was not entitled to assert a homestead right in the land.

**3. Depositions ⬢⟊91—Competency of deposition depends on status when offered as evidence and not when taken.**

Where, at the time of trial, plaintiff's conviction of murder had been affirmed and motion for rehearing overruled, his deposition, taken previously, was properly quashed; the competency of his answers to the interrogatories propounded to him depending, not upon his status at the time such answers were given, but upon his status when the deposition was offered as evidence.

**4. Deeds ⬢⟊194(5) — Recording. raises presumption of delivery.**

Where a duly executed and acknowledged deed had been on record for about 30 years, it was presumptively delivered.

**5. Partition ⬢⟊95—Should make provision for possession of party as homestead.**

Where party to partition suit establishes his homestead right in the land, the partition, if granted, should be decreed subject to his right to possession as long as he elects to use or occupy the land as a home.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Thomas Berry against Kirby Godwin and others. Judgment for defendants was reformed and affirmed by the Court of Civil Appeals (188 S. W. 30), and plaintiff brings error. On the recommendation of the Commission of Appeals, judgments of the trial court and Court of Civil Appeals reversed and cause remanded.

E. P. Miller, of Athens, and R. S. Neblett and Ormond Simkins, both of Corsicana, for plaintiff in error.

W. R. Bishop and J. J. Faulk, both of Athens, for defendants in error.

TAYLOR, J. This suit was an action in trespass to try·title by Thomas Berry against Perry Dethridge, his son-in-law, and Bertha Godwin, his granddaughter (her husband, Kirby Godwin, being joined with her pro forma) to recover 213 acres of land in Henderson county.

The suit as filed by Berry originally was for partition against the defendants named, he alleging that Bertha Godwin owned an undivided interest of about 20 acres, that Perry Dethridge owned an undivided interest of about 10 acres, and that he (Berry) owned the remaining interest. By amendment Berry changed his suit from an action to partition the land to an action in trespass to try title, as stated above, in which he sought recovery of the entire tract.

The amended petition contained, in addition to the usual allegations in trespass to try title suits, affirmative pleas of title acquired under the three, five, and ten year statutes of limitations.

Defendants answered, pleading among other things "not guilty"; also, that Bertha Godwin owned an undivided interest of $9/24$; Perry Dethridge an undivided interest of $4/24$; and Berry an undivided interest of $11/24$ in the land. The defendants prayed that their respective interests be established and the land partitioned.

By supplemental petition Berry denied the allegations of the answer, pleaded his homestead right, and further that the homestead was not subject to partition, because of his right to use and occupy it.

On October 1, 1884, Berry owned as a·part of his separate property the land in controversy. On that date he executed a deed reciting conveyance to his wife, Thursday Berry, of 200 acres off of the north end of the tract on which he then resided, in consideration of $500 paid out "of her separate estate." The deed was acknowledged before the county judge of Kaufman county October 22, 1885, and a week later was duly recorded. Thursday Berry died in 1888 while she and her husband were using and occupying the land conveyed, as their homestead.

Mrs. Berry left surviving her, her husband and three children, Allen, Pearl, and Johnnie. Plaintiff, prior to the filing of this suit, acquired the interest of Pearl. Allen married. He and his wife died, leaving surviving them their only child, Bertha, one of the defendants. Johnnie married Perry Dethridge, another defendant. Two children were born to them, neither of which survived the death of the mother.

Berry, about a year after the death of his first wife, married again. His second wife

died prior to the filing of this suit, and three children of the second marriage, all minors, were living at the time suit was filed. Berry continued to reside on the homestead after the death of his second wife. Some time after her death, he moved (about 1905) to San Antonio and remained there about a year, renting out the premises during his absence. After returning from San Antonio, he continued to live on the land in controversy, until 1913, when he went to Athens, Tex., again renting it out.

A short time prior to filing this suit, Berry was convicted of the offense of murder, and sentenced to serve ten years in the state penitentiary. Pending an appeal from the judgment under which he was sentenced, plaintiff's deposition in this case was taken at his own instance, by which he sought to establish, among other things, that the deed executed by him to his first wife was never delivered. One week after the deposition was taken the judgment of conviction was affirmed. Subsequent to the affirmance, and after a motion for rehearing filed in the Court of Criminal Appeals had been overruled, and after Berry had begun serving his term in the penitentiary, this case came on for trial. On motion of defendants, Berry's deposition was quashed on the ground of his being under felony sentence, as above stated.

The jury, acting under peremptory instruction of the court, found that the parties owned undivided interests in the land sued for by Berry, as follows: Berry, $11/24$; Bertha Godwin, $9/24$; and Perry Dethridge, $4/24$. Judgment was rendered accordingly, and commissioners were appointed to partition the land.

The Court of Civil Appeals affirmed the judgment under the view that plaintiff in filing suit for partition, in effect, abandoned his homestead, and thereby waived his claim to its exemption. As it appeared from the evidence that the entire tract of 213 acres was a part of Berry's separate estate prior to a conveyance of the 200 acres of land to his wife, the court so reformed the judgment as to adjudge a recovery by Berry of the 13 acres not included in the conveyance, and decree a partition among him and the defendants of the 200 acres. 188 S. W. 30.

[1] The application for the writ of error contains three assignments of error, in substance as follows:

(1) That the trial court and Court of Civil Appeals erred in holding that plaintiff in error waived his homestead exemption by filing his suit first in the form of a suit to partition.

(2) That the Court of Civil Appeals erred in sustaining the action of the trial court in quashing plaintiff in error's deposition.

(3) That the trial court and Court of Civil Appeals erred in holding that the deed executed by plaintiff in error to his wife, Thursday Berry, was ever delivered.

The Committee of Judges in granting the writ made the following notation:

"We are inclined to think that the mere filing by plaintiff in error of his petition for partition, which was not prosecuted but abandoned and suit changed to one of trespass to try title claiming all the land, did not constitute a waiver or abandonment of homestead rights set up in reply to the answer of defendants in error claiming title to a part of the land, which included the homestead, asking partition thereof. The case is unlike Moore v. Moore, 89 Tex. 29, in that in the latter case the suit as begun for partition of the homestead was prosecuted by plaintiffs to final determination."

We concur in the view expressed in the notation. In Hoefling v. Hoefling, 106 Tex. 357, 167 S. W. 210, it is pointed out that there was neither pleading nor evidence of homestead in the Moore Case, supra, and that in view of this the court held there was a waiver of such claim.

This case was tried upon a pleading filed subsequent to the partition petition, specifically setting up plaintiff in error's claim of homestead. The original petition (the petition in the partition suit) having been subsequently amended by plaintiff in error, as stated above, the Court of Civil Appeals erred in holding that in filing it he thereby, as a matter of law, abandoned his homestead, or waived his right thereto.

[2] Defendants in error urged, in addition to a waiver of homestead right by plaintiff in error in filing the suit to partition, that he was not in position as head of a household to assert a homestead right, in that his minor children were not living with him.

It is uncontradicted that 200 acres of the land sued for was plaintiff in error's homestead at the time of the death of his second wife. There is evidence that his children were not living with him when suit was filed; but this fact, if established, is not conclusive that he had abandoned his homestead, nor would it follow from that fact alone that he was not entitled to assert a homestead right in the land. Const. art. 16, § 52; Ball Hutchings & Co. v. Lowell, 56 Tex. 579; Eubank & Co. et al. v. Landram, 59 Tex. 247; Brown et al. v. Reed et al., 20 Tex. Civ. App. 74, 48 S. W. 537.

The issue of whether the 200 acres of land was the homestead of plaintiff was one of fact and should have been submitted to the jury.

[3] The second assignment questions the correctness of the trial court's action in quashing plaintiff in error's deposition. The purpose of the deposition was to establish that the deed executed by plaintiff in error to Thursday Berry, his wife, was never delivered. Unless delivered, the property in controversy was his separate property, and

defendants in error were without interest therein. The question presented is therefore one of substantive law.

The answers to the interrogatories propounded to plaintiff in error were not evidence at the time they were given. Their competency as such could not, under the facts, be tested by what his status then was, but was properly tested by what his status was when the deposition was offered as evidence. At that time he had not only been convicted and sentenced, but judgment had been affirmed and his motion for rehearing overruled. In fact, he was then incarcerated in the penitentiary in virtue of a final judgment of conviction and sentence duly entered and pronounced. The Court of Civil Appeals held correctly that the deposition should have been quashed. Webster v. Mann, 56 Tex. 119, 42 Am. Rep. 688; Tillman v. Fletcher, 78 Tex. 673, 15 S. W. 161; Rogers v. Tompkins, 87 S. W. 379.

The case of G., C. & S. F. Ry. Co. v. Johnson, 98 Tex. 76, 81 S. W. 4, cited by plaintiff in error, is not in point. The question decided in that case related to the sufficiency of the record introduced to establish the incompetency of the witness; the court holding that it was necessary for the record to show, not only that he was convicted, but also that he was sentenced.

[4] The question presented by the third assignment is whether the deed executed by plaintiff in error to his wife was delivered.

The evidence is uncontradicted that it was executed, acknowledged, and duly recorded, and that at the time of the trial it had been on record for about 30 years. It was presumptively delivered. There being no evidence in the record that the deed was not delivered, the trial court and Court of Civil Appeals did not err in giving it effect as a valid conveyance.

[5] Plaintiff in error does not contest the right of defendants in error to have a partition of 200 acres of the land sued for, in the event their respective interests therein are established upon another trial; but correctly insists that, in the event of a finding in his favor upon the homestead issue, the partition, if granted, should be decreed subject to his right to possession as long as he elects to use or occupy the land in controversy as a home. Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that the cause be remanded for further trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the questions discussed.