## Orsburn v. Orsburn, et al.

(Decided October 20, 1922.)

### Appeal from Hopkins Circuit Court.

1.  Partition—Action for Partition.—If one has a fee simple title to a one-half undivided interest in a tract of land and also a life estate in the other one-half undivided interest therein, he is entitled to a partition as against contingent remaindermen having an interest in the one-half undivided interest which he holds for life under the same instrument, there being at the time no vested remaindermen in existence.

2.  Partition—Contingent Remainders—Co-Tenants.—Under the provisions of section 499 of the Civil Code if one has a fee simple title to an undivided one-half interest in land and a life estate in the other one-half interest therein, and is in actual occupancy of the whole tract of land his holding of the one-half undivided interest to which he has only a life estate is the holding of the contingent remaindermen, there being in existence no vested remaindermen capable of taking under the terms of the instrument, and they are co-tenants within the meaning of section 499.

3.  Partition—Allotment.—Such a holder of an undivided interest in fee and an undivided interest for life who has placed lasting and

valuable improvements with his own funds on the property, is entitled in a partition to have set apart to him that part of the land upon which the improvements have been placed if the allotment can be so made without injury or detriment to the other interest.

J. W. POWELL for appellant.

CHAS. G. FRANKLIN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 11th of February, 1905, George Orsburn conveyed to his son, Louie Smith Orsburn, appellant, in fee simple a one-half undivided interest in a tract of two hundred and seven acres of land, and in the same instrument conveyed to his said son for and during his natural life the annual rent and use of the other undivided one-half of the same tract of land, equivalent to a life estate, providing that he should have the rent and use of the last named one-half interest during his natural life, if he did not convey, assign, encumber or anticipate the annual rent and use of said one-half, or attempt to convey, assign, encumber or anticipate the annual rent and use of the same, and providing that when he did so his right to the annual rent and use of said one-half was to immediately cease, and such right as to that one-half as was conveyed to him to immediately go to and be vested in such children as he might then have living and to the heirs of any child of his who might be dead; and then provided: "And in any event at the death of Louie Smith Orsburn the said one-half of land before named to be the property of such children as he may then have living and to the heirs of any children of his who may then be dead, and if the said Louie Smith Orsburn shall die without issue, then the one-half of said land shall be the property of his lawful heirs."

This is an equitable action by Louie Smith Orsburn against his brother and sister seeking a partition of the 207 acres so as that the portion thereof to which the plaintiff has the fee may be severed from that portion in which he has only a life estate.

The petition alleges in substance that the plaintiff and the two defendants are the only children and heirs at law of George Orsburn, deceased, and that the plaintiff, Louie Smith Orsburn, has no living children and the defendants, Roy Orsburn and Ruby Ditto, are the near-

est of plaintiff's kin and his only living lawful heirs. It is then alleged that plaintiff and the defendants are the joint owners of the tract of 207 acres of land, in which tract the plaintiff owns an absolute fee in and to the one-half undivided interest, and a life estate in and to the other half thereof, and that defendants are the owners of a contingent remainder in and to the one-half undivided interest in which the plaintiff has a life estate. The petition alleges that the plaintiff has not broken nor violated any of the provisions and conditions of the deed which, under its terms, would work a forfeiture of his life estate in the one-half undivided interest, and further alleges that the two defendants, his brother and sister, are the only living lawful heirs of the plaintiff, and the only persons in existence who would take the said one-half undivided interest in the tract of land described should plaintiff now die, and are the only ones who would be entitled to the annual rents and use of the same should the plaintiff violate the provisions and conditions of the deed.

It is then alleged that the plaintiff has placed valuable and lasting improvements upon the tract of land in question, paid for out of his own funds, to the amount and value of seven thousand dollars, and then the usual allegations that the land is susceptible of division without materially impairing the value of the same or any interest therein.

The prayer is that the court appoint commissioners to divide the tract of land between the plaintiff and defendants, allotting to plaintiff in fee simple one-half of the tract so as to include that part or parts on which he has placed improvements and without considering the enhancement in value by reason of said improvements, and allot the other one-half and have title thereto taken in accordance with the terms and conditions of the deed, which is filed with the petition.

To this petition defendants filed a general demurrer, which, upon consideration, the lower court sustained, and plaintiff having declined to plead further his petition was dismissed, and he has appealed. The record does not disclose the ground upon which the lower court sustained the demurrer, but we apprehend from the briefs it was because of the lower court's opinion that there was no joint holding of the property within the meaning of section 499 of the Civil Code, upon which the action is based. That section of the Code, insofar as it is applicable, is as follows:

"A person desiring a division of land held jointly with others, or an allotment of dower, may file in the circuit court or county court of the county in which the land or the greater part thereof lies, a petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest, with a prayer for the division or allotment; and, thereupon, all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of the court."

In section 732 of the Civil Code, providing rules for the construction thereof, it is provided in subsection 29 that "The words 'joint property' and words of like import embrace property held jointly or in partnership or in co-parcenary or in common,"

and the previous subsection (28) provides:

"The words 'joint tenants' and words of like import embrace tenants in common and in co-parcenary."

From these Code provisions it is apparent the legislative purpose was to dispense with the old common law distinctions between the several different kinds of joint holdings, and to make them all co-tenants without regard to such technical differences.

This brings us to a consideration of the question whether the plaintiff and the defendants in this action jointly hold the tract of land in question as contemplated by section 499.

The plaintiff in the action was the actual occupant of the whole of the tract of land, holding title thereto in fee for a one-half undivided interest, and holding the other one-half undivided interest for and during his natural life, and the question would appear to be whether his holding of the one-half undivided interest in which he had only a life estate was also the holding of his brother and sister, the defendants herein, who had, as alleged, a remainder therein, contingent upon the plaintiff dying without issue surviving him, the two defendants being at the time the suit was filed the only persons in being who had any interest, vested or contingent, in the property other than the plaintiff himself.

It may be conceded that ordinarily a joint holding of property contemplates the joint right of occupancy of the property, or some part of it. Here, however, the defendants, while claiming an interest in the property, under the peculiar conditions existing, have no present right to

the occupancy of any part of it, and yet they are claiming an interest in the property under the same instrument plaintiff claims under, and we are unable to understand why it is not logical and within the meaning of section 499 to say that his present occupancy is their joint holding with him to the extent of their interest in the one-half interest to which he has only a life estate.

It is not sought in this action to divest the defendants of any title to their interest in this tract of land, but it is intended only to sever the two interests and to specify that part of the land to which the title of the defendants shall attach, and that part to which the plaintiff's fee simple title shall attach.

Manifestly, it would be unjust to the plaintiff to be required to hold indefinitely this tract of land, one-half undivided interest in fee and the other half undivided interest for life only. It is conceivable that many reasons would actuate him in desiring a severance of those two interests. He might desire to sell that to which he had a fee simple title, and might be wholly unable to make an advantageous sale as long as there was no severance; or there might be many business reasons why a severance would be beneficial to him and not injurious to the remaindermen, or he might want to put extensive improvements upon some part of the land which would be set apart to him as his in fee, but naturally hesitate to do so until there was a partition. The defendants can in no way be prejudiced or injured by a partition; they will have then just the same interest they have now except the particular part of the land to which their remainder interest attaches will be definitely known.

From these considerations we have concluded that the plaintiff and defendants were joint holders within the meaning of section 499, and that the holding of the plaintiff as to the one-half undivided interest to which he has only a life estate was the holding of the defendants to the extent of their interest, and that they being the only persons in existence having any interest therein, except the plaintiff, the demurrer to the petition should have been overruled.

The right of partition will not be denied to the holder of a life estate who is also the holder of a fee simple interest in the same land merely because at the time there is no one in existence who has a vested title in remainder to that portion of the property in which he only holds a life estate. When, under those conditions, he brings be-

fore the court the holders of a contingent remainder, they being the only persons in existence having any right except the plaintiff himself, he has done all the law and the fair administration of justice require of him, and the partition should be granted, and will be binding, not only upon the contingent remaindermen now in existence, but upon any one hereafter coming into existence who might have a vested remaider.

A practical interpretation of section 499 as applied to the facts of this case involves this inquiry: Suppose appellant should sell and convey his one-half undivided interest in fee to a stranger, and should continue to hold the one-half undivided interest in which he has only a life estate; suppose then his vendee and he should jointly occupy different parts of the land, can it be said that his vendee would not have a right to a partition as against the plaintiff and the defendants? Certainly not; and therefore as appellant could not by his voluntary act confer upon his vendee a right which he himself did not have, it seems to follow he himself has the same right.

Any other interpretation of section 499 would defeat a plain right to partition which cannot possibly injure any person now living or hereafter to come. There is no requirement in section 499, as there is in some sections of the Code authorizing the sales of real estate, that the title must be a vested estate in possession, the only requirement being that it must be a joint holding, and where the parties, whatever their interest may be, are claiming title under the same instrument, even though that title be only a contingent remainder, the holding of the life estate title holder is the holding of the remaindermen, because he is claiming under the same instrument and the same title, is holding it for himself during his life and for them thereafter, and there is such a joint holding as is contemplated in section 499. Williams v. Capital Mining, Lumber and Oil Company, 153 Ky. 772; Hartings' Executor v. Milward's Executor, 28 R. 776.

The allegation in the petition is that the plaintiff has placed lasting and valuable improvements with his own funds, to the extent of seven thousand dollars, on the property in question, and he asks that in the partition the commissioners be directed by the court in allotting him his fee simple interest to set apart to him that part of the land upon which the improvements have been placed, without considering the enhancement in value to the whole property because of such improvements. He

is clearly entitled to this right if the allotment can be so made with due regard to the interests of all the parties. Kirk v. Crutcher's Admr., 145 Ky. 52; Peters v. Noble, 196 Ky. 123.

The judgment is reversed with directions to overrule the demurrer.