## CARR et al. v. LANGFORD et al.

### No. 12913.

Court of Civil Appeals of Texas. Dallas. Oct. 12, 1940.

Rehearing Denied Nov. 2, 1940.

Cox & Cox, of Sherman, for appellants.

Webb & Webb, of Sherman, for appellees.

LOONEY, Justice.

Mrs. R. D. Carr is the widow of R. D. Carr, who died intestate in 1924. The homestead of the family at the time of his death included the 63 acres of land involved in this controversy, being community property, except a fractional interest owned by Mrs. Carr in her separate right. Since the death of Mr. Carr, it seems that the land has been used by Mrs. Carr as a part of her homestead. They

had two daughters, who survived their father and are yet living, being Mrs. Texana Carr Hood, wife of J. J. Hood, and Mrs. Tennie Lee Carr Langford, wife of W. N. Langford.

Mrs. Carr and her daughter, Mrs. Hood, joined by her husband, brought this suit against Mr. and Mrs. Langford to partition the 63-acre tract, alleging that, Mrs. Carr owned a 5/9ths interest in the land; that Mrs. Hood owned a 2/9ths interest, and that Mrs. Langford also owned a 2/9ths interest; that the interests of the daughters, Mrs. Hood and Mrs. Langford, were subject to the homestead rights of their mother, Mrs. Carr; that the land was incapable of a fair and equitable division, praying for an order directing sale of the land in the event the court found same incapable of an equitable division, and for general relief.

Mr. and Mrs. Langford answered by general denial and, among other defenses, alleged that, the land was capable of being fairly and equitably divided in kind; that a house is situated on the northwest corner of the tract, occupied at that time by the defendants and their children, praying that, in the partition, the portion of land upon which the house is situated be set aside to them.

In a replication, Mrs. Carr re-asserted her homestead claim to the land, that it was incapable of a fair and equitable division, praying for an order directing its sale, as provided by statute.

The case was tried without a jury. The court found that the land was susceptible of partition in kind; determined that the share or interest of each of the joint owners was as alleged by plaintiffs; that is, that Mrs. Carr owned a 5/9ths interest in the land, and that Mrs. Hood and Mrs. Langford each owned a 2/9ths interest; held that Mrs. Carr was not claiming the land as a homestead; in effect held that, she had waived or abandoned her homestead right; ordered the land divided, and directed that the portion upon which the house is situated (occupied by the Langfords) be set aside to them in the partition, taking into consideration the value of the house and improvements so that the same, together with the acreage allotted, would equal in value 2/9ths of the value of the whole; that the remainder of the land should be allotted, 5/9ths in value to Mrs. Carr and 2/9ths to Mrs. Hood.

Plaintiffs' motion for a new trial having been overruled, they excepted, gave notice of and perfected this appeal.

■ The defendants move to dismiss the appeal on the ground that there was no final judgment from which an appeal could be taken. This contention is based upon the allegation that the commissioners appointed to divide the land had performed that duty and filed their report in court, to which plaintiffs filed objections, raising issues of fact, and demanded a jury, and that these proceedings are still pending, unacted upon; therefore that there existed no final or appealable judgment.

The motion to dismiss is overruled. The record contains nothing that supports the contention. The appeal is from the primary judgment which is final and appealable.

■ Plaintiffs say the court erred in finding that, Mrs. Carr owned only a 5/9ths interest in the tract of land, contending that the evidence showed a larger fractional interest. It may be true that the evidence adduced would justify a finding that she owned a slightly larger fractional interest, but the finding of the court is in exact accord with plaintiffs' allegations, hence we do not think they can be heard to say that the court erred in the respect under consideration. The statute (Art. 2211, R.C.S., Vernon's Ann.Civ.St. art. 2211) provides that the judgment shall conform, not only to the nature of the case proved, but to the pleadings as well. This assignment is overruled.

■ Plaintiffs also contend that the court erred in holding that the land was capable of being fairly and equitably divided in kind. This finding was on one of the controverted issues of fact; the evidence being conflicting, we do not think it can be correctly said that the finding is not supported by evidence. This assignment is also overruled.

■ Plaintiffs also assign error on the action of the court in holding that Mrs. Carr had no homestead right in the land. That the mere filing of a suit to partition land, subject to a homestead right, does not, as a matter of law, constitute a waiver or abandonment of the homestead right, was held by the Commission of Appeals in Berry v. Godwin, 222 S.W. 191, 192. This holding was expressly approved by the Supreme Court. As owner of 5/9ths undivided interest in the fee, and a

614

homestead right in the entire tract, Mrs. Carr could have sought partition of the fee without waiving or abandoning her homestead right; especially would this have been true, as she expressly asserted her homestead right, thus forbidding the idea that she had any intention of waiving or abandoning the same. See Jones v. Dewbre, Tex.Civ.App., 13 S.W.2d 233. Although Mrs. Carr alleged and sought to establish the fact that the land was incapable of a fair and equitable division in kind, praying, in the event the court so found, that the land be sold and the proceeds divided, yet, in connection with these allegations, she asserted her homestead rights in the premises. Just what her right to the proceeds of the sale would have been, had the court rendered the judgment she sought, we need not speculate, because no such judgment was rendered. On the contrary, the defendants pleaded, and the court found, that the land was capable of being fairly and equitably divided in kind, hence ordered partition accordingly, but deprived Mrs. Carr of her homestead right therein. In the latter holding, we think the court erred.

In view of the disposition made of the case, we do not deem it necessary to discuss the other questions raised, because, in our opinion, they are rendered immaterial.

■ It being obvious, we think, that, owing to the fact that Mrs. Carr's share or interest in the fee is larger than that of either of her daughters, her interest cannot be set apart by lot, as prescribed in Article 6094, R.C.S., but the interests of Mrs. Hood and Mrs. Langford, being equal, should, in our opinion, be selected and set aside by lot, as provided in the statute. See Moor v. Moor, Tex.Civ.App., 63 S.W. 347, 351.

■ In dividing the land, the share set apart to Mrs. Carr should include the house and improvements, charging her interest, however, with the value thereof in reduced acreage, the remaining acreage to be divided into two shares of equal value and set apart by lot to Mrs. Hood and Mrs. Langford, respectively; the partition to be accomplished so that Mrs. Carr's share, including the house and improvements, shall equal 5/9ths of the value of the whole, and the respective interests of Mrs. Hood and Mrs. Langford shall each equal 2/9ths thereof.

The decree confirming the report of the commissioners should, as provided by Article 6100, R.C.S., vest title to the fee in each party to the share allotted, as against the other parties, their executors, administrators, or assigns, as fully and effectually as the deed of said parties could vest the same; but the homestead interest of Mrs. Carr in the entire tract, and her right to enjoy the same so long as she may elect to use or occupy the premises as a homestead, should also be confirmed.

The judgment of the court below is reformed in the respects heretofore indicated, and, as reformed, is affirmed.

Reformed and affirmed.