MRS. TENNIE LEE CARR LANGFORD ET VIR V.
MRS. R. D. CARR ET AL.

No. 7813. Decided February 18, 1942.
(159 S. W., 2d Series, 107.)

*Webb & Webb,* of Sherman, for plaintiffs in error.

*Cox & Cox,* of Sherman, for defendants in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

R. D. Carr and wife owned and occupied 63 acres of land as their homestead. It was their community property, except for a small undivided interest which was the separate property of Mrs. Carr. R. D. Carr died intestate, leaving surviving him his widow and two daughters. The widow continued to occupy the property as her homestead. She and one of her daughters brought this suit against the other daughter for partition of the property. The petition set out the interest owned by each of the parties in the fee, but alleged specifically that the interest owned by the two daughters was subject to the homestead right of the widow. The court ordered the property partitioned in kind and denied the widow the right to continue to occupy the whole property as her homestead. The Court of Civil Appeals reversed and reformed the judgment of the trial court as to allow partition of the property in kind among the joint owners,

but reserved to the widow her homestead right in the entire tract so long as she should choose to use the same as such. 144 S. W. (2d) 612.

The question to be determined is whether the widow by bringing suit for partition thereby waived her right to occupy the entire property as a homestead. As before stated, while the widow sued for partition, she nevertheless alleged that the entire tract of land, including the interest owned by the two daughters, was subject to her homestead right. While she did not specifically pray that her homestead right be preserved in the entire tract, she did nothing to waive that right, except ask for partition. The evidence showed clearly that the property was her homestead. In her motion for rehearing she assigned as error the failure of the court to preserve her homestead right therein. We are of the opinion that the pleadings, when given a reasonable construction, were sufficient to show that the widow did not intend to waive her homestead right in the entire property.

We are also of the opinion that the owner of a homestead right may have partition of the fee in the property without waiving his or her right to continue to use and occupy the entire property as a homestead. In the case of Tieman v. Baker, 63 Texas 641, it was held that one who owned an undivided interest in the fee and a life estate in the whole of a tract of land was entitled to have the fee in the property partitioned, without waiving his right to the life estate in the whole. It was there pointed out that the owner of the life estate might desire to make valuable improvements on his share of the property, and that this could not be done safely without a partition of the fee. See also 12 A. L. R. 644; Orsburn v. Orsburn 196 Ky. 176, 244 S. W. 417. For the same reason, it would seem that the owner of the homestead right should be entitled to partition of the fee, without waiving his right to use the entire property as a homestead. He might desire to remove old improvements and to substitute new and more permanent ones in lieu thereof. This he could not safely do if he could not ascertain in advance which of the land would ultimately be allotted to him and his heirs. It is thus apparent that the right to partition of the fee would be a valuable one to the owner of the homestead right, and that the exercise thereof would result in no injury to the owners of the remainder of the fee. Consequently, we see no reason why such right should not be recognized. The right to such partition has been sustained

by the following authorities: Berry v. Godwin (Com. App.); 222 S. W. 191; Jones v. Dewbre, 13 S. W. (2d) 233. See also 47 C. J. 338.

In the case of Moore v. Moore, 89 Texas 29, 33 S. W. 217, 218, it was held that a widow by filing suit for partition of a homestead waived her right to further use the same as such. However, as pointed out in Hoefling v. Hoefling, 106 Texas 350, 167 S. W. 210, and in Berry v. Godwin, supra, there were no pleadings or evidence in the Moore case to show that the property sought to be partitioned was subject to the homestead right of the widow. While the pleadings in the case at bar on the homestead question are rather meager, we believe that when they are construed in the light of the evidence and the position taken upon the trial, as evidenced by the motion for new trial, they are sufficient to evidence an assertion of a right to continue to occupy and use the entire property as a homestead, in the event it was ordered partitioned in kind.

The judgment of the Court of Civil Appeals, reforming the judgment of the trial court and affirming the same as reformed, is affirmed.

Opinion delivered February 18, 1942.