**W. F. MOORHOUSE, Appellant,**

v.

**Faye Moorhouse CREW, Appellee.**

**No. 12780.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 8, 1954.

Rehearing Denied Dec. 29, 1954.

W. B. Moss, John H. Miller, Sinton, Tom Pogue, Corpus Christi, for appellant.

Luther E. Jones, Jr.; Neal Dancer, Corpus Christi, for appellee.

POPE, Justice.

The point presented by this appeal is whether the deed, described below, by a father who had the exclusive homestead rights in the property, resulted in an abandonment of that exclusive right. The trial court held that there was such an abandonment.

W. F. Moorhouse, a widower, prior to November 25, 1942, owned an undivided five-sixths interest in four city lots in

Aransas Pass. For twenty years before that date he continuously, together with his wife before her death, occupied the premises as his home, so he also had an exclusive homestead interest which extended to the other one-sixth interest which was owned by his daughter, Faye Moorhouse Crew, who was not in possession. Massillon Engine & Thresher Co. v. Barrow, Tex.Com.App., 231 S.W. 368. On November 25, 1942, Mr. Moorhouse deeded the four lots to his daughter, Faye Crew. The consideration for the deed was "the sum of Ten ($10.00) Dollars, * * * and the further consideration that grantee, Faye Moorhouse Crew, my daughter agrees to keep me, providing my food, clothing and necessities in my old age and until my death, and the purpose of this instrument being to secure her in such services, care and attention given me, under such agreement, which shall be a requisite to consideration for this conveyance * * *." After describing the property, the deed stated:

"It is provided that the condition of this conveyance is that grantor shall reserve to himself, the right to use, enjoy and possess the aforesaid described lands until his death, and that at such time this conveyance shall become effective, provided that grantee herein shall faithfully care for me in my old age, as hereinbefore set forth."

After delivery of the deed, Mr. Moorhouse continued to reside on the property and his daughter moved in with him to commence caring for him. They lived together in the home until May, 1952, when he became dissatisfied with his daughter's treatment and moved out. His daughter then moved also and rented the home. She stands ready to return to the home and care for and support her father, who refused to return unless he is awarded exclusive possession. His daughter claims that the deed to her entitles him to possession, but not possession which would exclude her. The trial court refused to cancel the deed for failure of consideration and no error is asserted on that part of the judgment.

Before Moorhouse executed the deed he owned five-sixths of the property and also had a homestead interest in the other one-sixth. After the deed, the trial court held that Moorhouse owned a life estate in his five-sixths interest but that he lost his homestead interest in the other one-sixth. The trial court held that the father and daughter were cotenants, each entitled to share possession. In this we are of the opinion that the court erred.

■■ Once the right to use and occupancy of the homestead has vested "in the surviving husband or wife, such right is presumed to continue until there is affirmative proof of abandonment." Good v. Good, Tex.Civ.App., 293 S.W. 621, 624. The deed does not disclose an intent to abandon his homestead rights, but expressly provides that he shall continue to use, enjoy and possess all of the described lands until his death, and the possession continued. So strong a declaration of the continuation of homestead rights leaves no room for implications to the contrary. Wilson v. Fields, Tex.Civ.App., 50 S.W. 1024, holds that a deed does not operate as an abandonment of homestead rights when the grantor continues to live on the property in pursuance of the terms of the deed. See also, Chesnut v. Specht, Tex. Civ.App., 272 S.W. 830; Smallwood v. Moore, 8 Cir., 223 F. 38. We consider the language "sufficient to evidence an assertion of a right to continue to occupy and use the entire property as a homestead, * * *." Langford v. Carr, 138 Tex. 330, 159 S.W.2d 107, 108. Mr. Moorhouse never parted with his homestead right. The deed reserved to the grantor a conventional life estate to five-sixths interest in the property and left the legal homestead in the remaining one-sixth undisturbed. The life estate and the homestead interest are similar in nature. Clift v. Clift, 72 Tex. 144, 10 S.W. 338; Sargent v. Sargent, 118 Tex. 343, 15 S.W.2d 589; Petrus v. Cage Brothers, Tex.Civ.App., 128 S.W.2d 537. Neither the deed nor the appellant's conduct discloses any intent to surrender his rights to use and possession of the premises, and we conclude that

appellant is entitled to exclusive use and possession of the property during his lifetime. We have not been called upon to determine whether the deed imposes conditions. or covenants, and we express no opinion on the matter.

The judgment of the trial court concerns other matters, but on the issue of whether the grantor lost his right to exclusive possession there was error. In that particular the judgment is reversed and here rendered that appellant shall have exclusive possession of the premises. Otherwise the judgment is affirmed.