NUMBERS 13-01-688-CV & 13-02-673-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

J. MICHAEL HERSHEY AND
JEFFREY M. HERSHEY,                                                             Appellants,

v.

G. CAMERON DUNCAN, SR., ET AL.,                                       Appellees.
                                                                                                                                       

On appeal from the 329th District Court of Wharton County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 


         In these consolidated appeals,


 appellants, J. Michael Hershey and Jeffrey M.
Hershey, complain of two orders issued by the trial court during a partition suit. Appellees



contend we lack jurisdiction because the orders are interlocutory. We agree and dismiss
the appeals. 
I. Background
          The parties were collectively the legal and equitable owners of an undivided interest
in eight tracts of land in Wharton County, Texas. Appellants filed suit, seeking partition-in-kind of the surface estate. Appellants sought “a decree directing partition in accordance
with the respective shares or interests of the parties, specifying the same.” Appellees
ultimately also pled for partition. 
          The parties submitted a stipulation of facts and presented the trial court with a
preliminary decree, setting out each party’s percentage interest in eight tracts of land. On
June 14, 2000, the trial court issued an agreed decree,


 which appointed commissioners



to issue a report partitioning the land in conformity with the interests set out in the
preliminary order. 
          Before the commissioners issued a report, appellants filed a memorandum of law
asserting that the preliminary decree required the commissioners to give each interest
owner his or her own share of the land, in contrast to allowing groups of owners to affiliate. 
Appellees filed an opposing joint memorandum of law, asserting that the trial court is not
required to partition each individual party’s interest and that it may allow grouping of
individual owner interests. 
          The commissioners’ report was issued on January 21, 2001. The report noted that
groups of owners had requested the combining of individual interests into “family shares”
to avoid the creation of small unusable tracts of land. Accordingly, the commissioners’
report partitioned the eight tracts of land into four family groups: the Duncan Family,
Hershey Family, Olive Hershey Spitzmiller, and Helm Family.
          J. Michael Hershey filed objections to the commissioners’ report, including objection
number seven, which complained that the report failed to comply with the rules of civil
procedure because it grouped owners together and failed to award each owner a share. 
Hershey asserted the commissioners’ report should be rejected. Hershey also filed a
motion for summary judgment on grounds that the report failed to comply with the rules of
civil procedure. Appellees filed a competing motion for partial summary judgment,
challenging Hershey’s objections to the report. The trial court denied Hershey’s motion for
summary judgment and granted appellees’ motion.


 However, no written order was
entered. Thereafter, appellees filed a motion to reconsider the summary judgment, in
which appellees asked the trial court to withdraw its grant of summary judgment in their
favor with respect to Hershey’s seventh objection. Following a hearing, the trial court
signed an order granting appellees’ motion for summary judgment. Appellees also filed
a Motion for Entry of Supplemental Order of Partition, which asked the trial court to order
the commissioners to revise their report to allocate individual shares to Jeffrey and Michael 
Hershey and otherwise allocate the property in “group shares” as desired by the remaining
parties and announced by the commissioners. The trial court granted the motion and on
August 23, 2001, issued a Supplemental Order of Partition, which provided that the
appellees’ shares be partitioned as set out by the commissioners’ report. However, the
court added:
J. Michael Hershey and Jeffrey Helm Hershey have previously requested
that their interest be assigned to them in one share. Michael Hershey, now
asserts that he wishes to have an individual share assigned to him. Based
upon the Court’s review of the Commissioners’ Report of January 23, 2001,
it does not assign a separate share to J. Michael Hershey. The Court,
therefore, remands this matter to the Commissioners for further proceedings
and orders that the Commissioners segregate and set aside to J. Michael
Hershey and Jeffrey Hershey individual shares of land based upon their
respective undivided interests in Tracts 1-8, as indicated by the Decree of
Partition in this case. The Commissioners are further ordered to separately
report costs associated with this division and that those additional expenses
be taxed against and borne by the share assigned to J. Michael Hershey.
 
          The Hersheys appealed the Supplemental Order of Partition. Approximately ten
months later, a motion to require all parties to pay expenses was filed.


 The accounting
attached to the motion taxes fifty-four percent of the “new” expenses (associated with the
“Hershey Partition”) to J. Michael Hershey and forty-six percent of the “Hershey Partition”
expenses to Jeffery M. Hershey. At the hearing on the motion, the escrow agent
explained that the allocation of the “Hershey Partition” expenses was “according to Mike
and Jeff’s ownership interest in the Hershey tract.” On September 18, 2002, the trial court
granted the order on expenses and the Hersheys appealed. 
          The Hersheys’ appeals of the trial court’s August 23, 2001 (Cause No. 13-01-688-CV) and September 18, 2002 (Cause No. 13-02-673-CV) orders were consolidated by this
Court for briefing purposes. Cause number 13-01-688-CV was abated pending the filing
of all briefs in cause number 13-02-673-CV. Upon the completion of briefing, cause
number 13-01-688-CV was reinstated, and both causes were submitted to the Court with
no additional briefing being allowed. 
          Appellants contend the trial court lacked jurisdiction to grant the Supplemental
Order of Partition. Appellants also argue that the trial court erred by taxing all of the costs
associated with the additional partition of the Hershey tract against them. Appellants
challenge the legal and factual sufficiency of the evidence to support the trial court’s order
on expenses. 
          Appellees contend that we lack jurisdiction to review either the Supplemental Order
of Partition or the order to pay expenses because both orders are interlocutory.
                                                     II. Applicable Law
          An appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). Unlike most other proceedings, a partition case involves
two judgments, both of which are final for purposes of appeal. Carr v. Langford, 144
S.W.2d 612, 613 (Tex. Civ. App.–Dallas 1940), aff'd, 138 Tex. 330, 159 S.W.2d 107, 108
(Tex. 1942). This is because a partition proceeding is a two-step process. Yturria v.
Kimbro, 921 S.W.2d 338, 341 (Tex. App.–Corpus Christi 1996, no writ); see Tex. R. Civ.
P. 756-771. In the first step, the trial court determines: (1) the share or interests of each
of the owners; (2) all questions of law or equity affecting the title to the land; and (3)
whether the property is susceptible to partition or is the subject of a sale. Tex. R. Civ. P. 
760, 761, 770. If the trial court determines the property is susceptible to partition, the
court must appoint commissioners and instruct them as to the manner of the partition.
Tex. R. Civ. P. 761, 764, 766; Yturria, 921 S.W.2d at 341. 
          The commissioners then submit a report to the trial court showing a description of
the property, a description of the tracts or parcels in which the law was divided, the
number of shares and the land which constitutes each share, the estimated value of each
share, and the allotment of each share. Tex. R. Civ. P. 769. 
          Either party to the suit may file objections to any report of the commissioners within
thirty days of the date the report was filed. Tex. R. Civ. P. 771. If such objections are
filed, a trial on the issues shall be conducted. Id. The effect of the rule is to give any party
at interest the right to trial on the objections with or without a jury. Redden v. Hickey, 308
S.W.2d 225, 229 (Tex. Civ. App.–Waco 1957, writ ref'd n.r.e.). If the report is found to be
“erroneous in any material respect, or unequal and unjust,” it must be rejected, “other
commissioners” are to be appointed, and “the same proceedings had as in the first
instance.” Yturria, 921 S.W.2d at 342; see Tex. R. Civ. P. 771. Otherwise, the trial court
shall enter a second judgment confirming the partition made by the commissioners. 
Yturria, 921 S.W.2d at 342. 
          There are two appealable orders corresponding with the two-step procedure for the
partition of real estate. Griffin v. Wolfe, 610 S.W.2d 466, 466 (Tex. 1980) (per curiam);
Yturria, 921 S.W.2d at 342. The first order is often referred to as the “interlocutory
decree” or “preliminary decree” and determines the interest of each of the joint owners or
claimants, all questions of law affecting the title, and appoints commissioners and gives
them appropriate directions. Ellis v. First City Nat'l Bank, 864 S.W.2d 555, 557 (Tex.
App.–Tyler 1993, no writ); Marmion v. Wells, 246 S.W.2d 704, 705 (Tex. Civ. App.–San
Antonio 1952, writ ref’d); see Tex. R. Civ. P. 760, 761. The preliminary decree is a final
and appealable order which is conclusive of all matters decreed within it. Yturria, 921
S.W.2d at 342. Matters decided in the preliminary decree cannot be reviewed in an
appeal from the second-step order. Ellis, 864 S.W.2d at 557; Marmion, 246 S.W.2d at
705. The second order or “final decree” approves the commissioners’ report and
partitions the property, or if it finds the report “to be erroneous in any material respect, or
unequal and unjust,” rejects the report and appoints other commissioners to partition the
land. Campbell v. Tufts, 3 S.W.3d 256, 259 (Tex. App.–Waco 1999, no pet.); see Tex. R.
Civ. P. 771.
III. Jurisdiction
          An appellate court lacks jurisdiction to review an interlocutory order unless
authorized by statute. Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex.
2001); Qwest Communs. Corp. v. AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000). A
judgment is interlocutory when it determines less than all issues as to all parties thereby
leaving “something further to be determined and adjudicated by the court in disposing of
the parties and their rights.” Perkins v. Springstun, 557 S.W.2d 343, 344 (Tex. Civ. 
App.–Austin 1977, writ ref'd n.r.e.). The ultimate determination of whether a judgment is
interlocutory depends upon whether the judgment leaves any issues remaining which
require judicial examination or re-examination. Id. 
          Appellees argue that the Supplemental Order of Partition is an interlocutory order,
and that this Court therefore has no jurisdiction to hear an appeal of the order. We agree.
          As noted above, two final judgments are rendered in partition suits. Carr, 144
S.W.2d at 613. The June 14, 2000 decree, which determined the interests of the joint
owners, appointed commissioners to partition the property, and provided instructions to
the commissioners, is the first judgment in this partition suit and is a final judgment. No
party appealed from that judgment.
          After the commissioners issued their report, J. Michael Hershey filed objections. 
In response, the trial court issued the Supplemental Order of Partition. The Supplemental
Order “remands this matter to the Commissioners for further proceedings” and orders the
commissioners to segregate individual shares of land to J. Michael and Jeffrey Hershey. 
We hold that the August 23, 2001 Supplemental Order of Partition is not a final judgment.
          Similarly, we hold that the September 18, 2002 Order on Motion to Require the
Parties to Pay Expenses is also interlocutory. The September 18 order authorizes the
taxing of costs based on the trial court’s findings and orders contained in the
Supplemental Order of Partition. 
          We hold that neither the August 23, 2001 Supplemental Order nor the September
18, 2002 Order to Pay Expenses is a final judgment. We lack jurisdiction to review
judgments that are not final. Lehmann, 39 S.W.3d at 195. Accordingly, we DISMISS the
appeals in cause numbers13-01-688-CV and 13-02-673-CV for lack of jurisdiction. 
 
                                                                                                                     
                                                                LINDA REYNA YAÑEZ
                                                                Justice
 
 
Dissenting memorandum opinion
by Justice Errlinda Castillo.
 
Memorandum opinion delivered and filed this the
4th day of November, 2004.