## CAYETANA DE LA GARZA v. WM. CASSIN.

### No. 2592.

1. **Location—File—Land.**—A location of land by entry or file and not followed by a survey within twelve months is void and the land becomes subject to relocation under other land certificates. Relocation of same certificates upon the land is forbidden. Rev. Stats., art. 3902.

2. **Survey—Return of Field Notes.**—A location and survey not followed by return of the field notes to the Land Office within the time required by law (twelve months after date of such survey) as between the original and a subsequent locator is not a valid claim to the land. Rev. Stats., art. 3909.

3. **Same—Relocatio- After Survey.**—Revised Statutes, articles 3900 and 3901, provide that the holder of the certificate and survey not duly returned to the Land Office may relocate the certificate upon the land surveyed and the mode of such relocation. Such relocation would not affect a prior location duly made upon the land by another.

4. **Statute Construed.**—The Act of February 11, 1881 (Gen. Laws of 1881, p. 6), amendatory of article 3812, Revised Statutes, does not confer title upon the holder of the lapsed survey; it only preserves the right to relocate for ninety days after notice of the default. A plaintiff having the burden of proving title should show a compliance with the provisions of said act in order to show title under it. A defect in the title of his adversary would not avail the plaintiff.

APPEAL from Webb. Tried below before Hon. J. C. Russell.

The opinion states the case.

*McLane & Atlee*, for appellant. — Lands which have been surveyed

within twelve month from their location and the field notes duly recorded are titled lands, notwithstanding the field notes have not been filed in the General Land Office within twelve months from the date of said survey. Const., art. 14, sec. 2; Winsor v. O'Connor, 69 Texas, 571; Trueheart v. Babcock, 51 Texas, 177; Summers v. Davis, 49 Texas, 554; Westrope v. Chambers, 51 Texas, 188; Bryan v. Crump, 55 Texas, 10; Rev. Stats., arts. 3910, 3883.

Lands which have been surveyed by virtue of relocations of the same certificates on the same lands and the field notes thereof recorded are titled and not unappropriated, notwithstanding that surveys had not been made within twelve months under the prior locations. Rev. Stats., art. 3895.

*S. G. Newton,* for appellant. — 1. The Legislature may prescribe a time within which a person must perform acts necessary to the vestiture of title to land, and in case of failure to comply with such requirement imperfect rights, such rights as could be made perfect only by compliance, may be annulled by legislation declaring the utmost limit of time which shall be given to perform such acts. A location and survey without return of field notes to the General Land Office within the time required by law, as between the original and a subsequent locator is not title within the meaning of the Constitution. Const., art. 14, sec. 2; Rev. Stats., art. 3909; Snider v. Methvin, 60 Texas, 499; Cassin v. O'Sullivan, 61 Texas, 695; Young v. O'Niel, 54 Texas, 547; McKinney v. Grassmeyer, 51 Texas, 377; House v. Talbot, 51 Texas, 462; Patton v. Skidmore, 19 Texas, 538; White v. Holliday, 20 Texas, 681; Teel v. Huffman, 21 Texas, 781; Frederick v. Hamilton, 38 Texas, 342; Sanders v. Duval, 39 Texas, 183.

2. A location by entry or application which is not followed by a survey within twelve months from the date of entry is null and void, and the lands become subject to relocation and survey, but such lands are not in any case subject to relocation at any time by virtue of the same certificates. Rev. Stats., art. 3902; Snider v. Methvin, 60 Texas, 499.

3. When the original field notes of a survey are lost or destroyed before being filed in the General Land Office they may be supplied by certified copies from the surveyor's office, but such copies must be filed in the General Land Office within the same time that the originals should have been. Rev. Stats., art. 3910; O. & W. Dig., art. 1199; Breckenridge v. Neill et al., 26 Texas, 101.

4. A location by entry or application which has been surveyed within twelve months from the date of entry, but the field notes thereof, or in the event of their loss or destruction certified copies, have not been returned to the Land Office within twelve months from the date of survey, can only be held by virtue of the original application and certificates by relocating the same certificates on the land before it shall have been pre-

viously located by some other person.· Rev. Stats., arts. 3900–1; Tucker v. Murphy, 66 Texas, 358.

STAYTON, CHIEF JUSTICE.— Appellant brought this action to recover eight separate tracts of land.

Appellee disclaimed as to two tracts and pleaded not guilty as to the residue.

The certificates by virtue of which appellant claims the land were first located thereon in July, 1880, and in September, 1881; but no surveys were made under these locations within twelve months after the several locations were made.

On August 1, 1882, appellant relocated the certificates located in July, 1880, and September, 1881, on the land in controversy, and under this relocation surveys were made within twelve months; but these, with the certificates, were not returned to the General Land Office. but were mailed by the surveyor to Johns & Spence, whose relation to appellant is not shown.

Appellant ascertaining that his surveys had not been filed in the General Land Office, procured copies of the field notes, which he caused to be there filed on February 2, 1885.

Some of the certificates located in 1880 and 1881 by appellant on relocation in 1882 were placed on the same land covered by the first location of same certificates, but whether this was true as to all the certificates we are unable to ascertain from the record.

Appellee, in October, 1884, located valid certificates on all the land theretofore located and surveyed for appellant except that as to which he disclaimed, and within one year after he made his locations caused surveys to be made and returned to the General Land Office.

Neither party has obtained patents.

So being the facts on which the rights of the respective parties rest, the court below, on trial without a jury, rendered judgment for appellee.

It is urged by appellant that the locations and surveys made by and for him in 1882 vested an equitable ownership in him, notwithstanding the surveys were not returned to the General Land Office within twelve months after they were made.

He further insists that although no surveys were made within twelve months under his locations made in 1880 and 1881, and although each of his certificates may have been relocated in 1882 on the same land on which they were formerly located, yet that his surveys made under the relocation gave to him equitable ownership and withdrew the lands from the unappropriated public domain.

To sustain these propositions he relies upon article 14, section 2, Constitution, and decisions construing it. The proposition last stated we will consider first, and to maintain it appellant (the land not having been

patented) must show such facts as confer on him equitable ownership. This can not arise out of a transaction which the statute expressly forbids.

The statute declares that "all lands which may be located by entry or application as aforesaid shall be surveyed within twelve months from the date of entry, or the same shall be null and void, and the lands be subject to relocation and survey, but such lands shall not in any case be subject to relocation by the same certificate." Rev. Stats., art. 3902.

The effect of this statute is to declare absolutely void a location not followed by a survey within twelve months after entry, and to restore the land once covered by it to the mass of unappropriated public domain, and to subject it to relocation by any person. In such case however the statute denies to the person who thus forfeits a location the right to relocate the land under the certificate on which the forfeited location was made.

The locations made in 1880 and 1881 ceased to confer any right on failure to make surveys within twelve months after the locations were made, and the relocation of the same certificates on the same land being expressly forbidden by law conferred no right whatever and interposed no obstacle to the appropriation of the land by appellee under valid land certificates. If, however, any of the tracts of land located in 1880 and 1881 were not relocated under the same certificates as were they in the original locations, then such relocations are valid, and as to such land appellant would be entitled to a judgment, unless his failure to return the surveys made under the relocation of 1882 to the General Land Office within twelve months after the surveys were made defeats his right.

The statute declares that "the field notes of all surveys shall be returned to and filed in the General Land Office within twelve months from the date of survey." Rev. Stats., art. 3909.

This article, however, does not declare that a failure to return the surveys within the time prescribed shall, as between the State and the person having the survey made, absolutely destroy the right of the latter to acquire the land under the certificate filed and survey made, as does the statute to which we have before referred, where there is a failure to survey within twelve months after a location is made.

Article 3900, Revised Statutes, recognizes the right of one who has caused a survey to be made by virtue of a valid land certificate, but has failed to return the field notes to the General Land Office within twelve months after the survey, to relocate the same land by virtue of the same certificate and without a resurvey, if this be done before the land be located by some other person. This statute was carried into the Revised Statutes from the Act of February 10, 1852. Pasch. Dig., art. 4563.

Article 3901, Revised Statutes, provides the manner in which the relocation provided for in the preceding section may be made, which is by

the presentation of the land claim to the surveyor and an entry by him on the record of field notes of the fact that the land has been relocated.

This was not done by appellant, and if the rights of the parties depend solely on the statutory provisions found in articles 3900 and 3901 it is evident that appellee has the superior right, for his locations under these laws defeated the right of appellant to relocate the land, although but for these locations appellant's right to relocate would have been clear.

This is also true if the demanding of certified copies of the field notes and their return to the General Land Office by appellant could be deemed a relocation, for before that was done appellee's locations were made.

While the right to relocate was conferred by the statutes before referred to, it does not follow from that that any equitable ownership remained in appellant on his failure to return the field notes within the time prescribed by law. The statute referred to gave him a means by which he could reacquire a right once existing but lost by his failure to comply with the law, but in no respect continued in force the right which some of the surveys made for him in 1882 may have given.

If it were true that under the Act of February 11,    1 (Gen. Laws, 1881, p. 6), amendatory of article 3812, Revised Statutes, the lands were not subject to location by appellee until the expiration of ninety days after notice of the forfeiture of appellant's surveys contemplated by that act was given to him, that would not better his condition, for as plaintiff the burden was upon him to show that he had such title as would enable him to recover, and the mere failure of title in appellee would not entitle appellant to recover.

It is, however, unnecessary now to construe that act, for if it could be held to have continued in appellant any equitable ownership until ninety days after the notice therein contemplated was given to him, the burden was upon him of proving that the notice was not given, or that having been given within the ninety days thereafter he had taken the steps necessary under that act and other statutes regulating the relocation of lands to fix his right to the lands. The record is silent as to any such facts, and their existence can not be presumed.

It follows that there is no error in the judgment, even if it had been shown to be true that all of appellant's locations and surveys made in 1882 were originally valid.

The judgment of the court below must therefore be affirmed.

*Affirmed.*

Opinion January 18, 1889.