**O'CONNOR et ux. v. DELK.**

No. 3026.

Court of Civil Appeals of Texas. Waco.

May 8, 1952.

Rehearing Denied June 5, 1952.

ed in fee and the owner of the remaining one-half for life with remainder to his heirs, if any he had, and if not, then to the heirs of Maggie L. Delk according to the law of descent and distribution and that the fourth tract at the time it was conveyed to his parents had outstanding a one-half nonparticipating royalty reservation and that it had been leased for the production of oil and gas. The property to be partitioned consists of five separate tracts of land, each described by metes and bounds (located in Ellis, Dallas and Jones counties) and the petition sets out the interests of all the parties. The holders of the leasehold interest answered that they owned no interest in common with plaintiffs subject to partition. The defendants Teague set up their 1/32nd nonparticipating royalty interest in the fourth tract and asked that in the partition it remain undisturbed. Defendant Joe L. Culbertson made no formal answer but appeared at the hearing and requested that his 1/32nd interest in the royalty be preserved under the entire 165 acres, it being the fourth tract. All of the parties cited by publication appeared by their attorneys and guardian ad litem and made formal answer. The heirs of Maggie L. Delk in being made no formal answer but several appeared in person and participated in the trial. The appellants, one of the six devisees under the will of Maggie L. Delk in being, alleged their contingent interest in the minerals, depending on the happening of certain events, and they prayed for a just and equitable partition and for general relief.

■■ The court found the interests of the various parties and further found that such interests were susceptible of partition in kind, except certain mineral interests, as hereinafter stated; that the oil lease was valid as to the appellee's 1/2 fee simple interest as well as to the royalty interests of the Teagues and Culbertson but not on the life interest of appellee, nor the remaindermen thereunder. Upon the trial the court heard testimony and opinions of some of the parties as to whether it was practical and equitable to partition the mineral interest in kind in view of the oil lease which the court had held binding on

O'Connor & Douglass, Dallas, C. J. O'Connor, Breckenridge, for appellants.

J. C. Lumpkins, Waxahachie, for appellee.

TIREY, Justice.

This is a partition suit. Plaintiff (appellee here) alleged substantially that he was the owner of an equal undivided one-half of the property sought to be partition-

all who had legally executed said lease. The court further found in effect that since no party desired his royalty interest sold for partition nor divided in kind unless the life estate and the contingent interest thereunder in the Jones County land could be set aside in kind so that all the remainder of such tract could be leased, and the court being of the opinion that such contingency prevented the making of such lease, entered its decree leaving the mineral interest under the Jones County tract unpartitioned and owned as set forth in the instruments creating the same. (We are in accord with the court's view in this behalf.) No objection was made or appeal perfected to this order. It is well settled as to partition suits that a judgment that determines the rights of the parties and appoints commissioners to divide land in conformity therewith is final and appealable. See White v. Mitchell, 60 Tex. 164; Waters Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326; Henderson v. Stone, Tex.Civ. App., 95 S.W.2d 772; 3A Tex.Jur. 135, sec. 97. Since the district court in Ellis County had jurisdiction of the parties and the subject matter and was invested with power to decide every issue of the controversy, if error was committed in the decree (and we think none was committed), the decree was not void because remedy was by appeal. See 25 Tex.Jur. 700, sec. 258; Mitchell v. Mitchell, Tex.Civ.App., 233 S.W.2d 187, 189; Clark v. Puls, Tex.Civ. App., 192 S.W.2d 905, 908; Roberts v. S. W. Life Ins. Co., Tex.Civ.App., 244 S.W. 2d 302, point 7. See also Vol. 17, Partition, Title 104, Vernon's Ann.Civ.Stats.; also Rules 756–771, incl., Texas Rules of Civil Procedure.

Appellants' point 1 is to the effect that since their prayer asks for partition that it was error for the court to refuse to do so; point 2, where there is no finding that a portion of the property is not susceptible of partition, it is error for the court to refuse to partition; point 3, where the petition is in the usual form seeking partition of all the property and the court rendered judgment partitioning only a portion thereof, the judgment is not final. Each of appellants' points is overruled for reasons hereinafter briefly noted.

■ First of all, they are not applicable to the exact factual situation before the court. In appellee's brief we find substantially the following statement: None of the parties pleaded that if a partition in kind could not be had that the minerals should be sold to effect a partition. While the court was considering the partitioning of the mineral interest in kind all the parties before the court made it known that they did not desire such interest sold to effect such division and partition, due to the contingency heretofore stated. The court in the decree found that the mineral interest was incapable of partition in kind and set such interest aside to all of the parties in common. This statement is not challenged by appellants, and, as above stated, since there was no appeal from the decree fixing the rights of the parties, appellants are bound thereby. In this state, partition by suit, whether brought under the statute or without the aid of the statute, does not proceed independently of the rules of equity. Thomas v. S. W. Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290, point p. 296; Arnold v. Cauble, 49 Tex. 527. See also opinion of this court in Davis v. First National Bank, Tex.Civ. App., 145 S.W.2d 707, point p. 711, affirmed, 139 Tex. 36, 161 S.W.2d 467, 144 A.L. R. 1. See also James v. James, Tex.Civ. App., 164 S.W. 47; Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676. The foregoing doctrine was first announced by our Supreme Court in Grassmeyer v. Beeson, 18 Tex. 753, and there the court held in effect that resort may be made to the equitable powers of the court to make a fair and just partition. The Supreme Court has adhered steadfastly to this rule.

■ In the court's decree entered on the 25th of August, 1951, and appointing commissioners, we find this finding: "That royalty interest in and to said fourth tract, 165 acres in Jones County, Texas, having been retained in the conveyance of that tract to R. M. Delt by W. B. Teague and wife (Delk being the common source of title) and said tract having been leased, both as hereinabove found, the same was a severance of the surface of the tract from the minerals thereon in and under

same and the ownership of the land and the interest therein having been fixed by the provisions of the will of said Maggie L. Delk, deceased, the same constituted a partition and division of the mineral rights in and to said fourth tract, and it is ordered that no further partition be had in this proceeding." We are in accord with this view.

Since this cause was tried to the court without the aid of a jury, it must be presumed that the trial court found the facts to be such that would support the judgment. See Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 367, point 4, and authorities there collated. Moreover, the judgment of the trial court will not be set aside if there is any evidence of probative nature to support it, and the Court of Civil Appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. See Cavanaugh v. Davis, Tex.Sup., 235 S.W.2d 972; Woodward v. Ortiz, Tex.Sup., 237 S.W.2d 286 and cases collated under 4 Tex.Dig., Appeal & Error, ☞ 1010(1).

Finding no reversible error in the judgment entered by the trial court, it is in all things affirmed.

LESTER, J., not participating.