**C. E. BOUQUET, Appellant,**

v.

**Pearl BELK, Appellee.**

**No. 14206.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1964.

Gerald S. Gordon, Houston, for appellant.

Day, Dio & Fields, Port Lavaca, for appellee.

BARROW, Justice.

This is a partition suit. It is stipulated that appellant, C. E. Bouquet, owns a 5/6th interest, and appellee, Pearl Belk, a 1/6th interest in an undivided ten-acre tract of land located at the intersection of State Highway 238 and Alcoa Drive, about one mile south of Port Lavaca, Texas. After a non-jury trial, the court found that the property was susceptible of partition in kind and that appellee had an equitable interest in the corner created by the intersection. The trial court further found that it was not necessary to appoint commissioners, and awarded appellee 0.657 acres of land out of the ten-acre tract, subject to an owelty of $2,500. The remainder of the tract was awarded to appellant.

Appellant perfected this appeal and asserts (1) the court erred in determining that the property is susceptible of partition in kind; (2) the court erred in partitioning the property without appointing commissioners as required by the Rules of

Civil Procedure; (3) the court erred in awarding the specific tract to appellee subject to owelty; (4) the court erred in determining that appellee had an equitable interest in a specific part of the tract; and (5) the court erred in denying appellant an accounting of rentals due by appellee.

Appellant brought this suit and alleged that the tract was not susceptible of partition in kind and prayed for appointment of a receiver to sell the tract. Appellee urged that the property could be fairly and equitably partitioned and prayed for a partition in kind as provided by law. Appellee asserts that she had operated a tavern on the corner of the tract for several years, and that although the lease under which she operated permitted her to remove the improvements at the expiration of her lease, this could not be done without their destruction.

The primary controversy between the parties is over this corner, which unquestionably is the most valuable part of the tract. Appellant urged that because of its great value, the property could not be partitioned in kind. The trial court's finding that the property is susceptible of partition in kind is fully supported by testimony of expert witnesses, Bill Sames, Mrs. Lois De Shazor and B. I. Lempert.

■ It is our opinion, however, that the judgment must be reversed because of the failure of the trial court to appoint commissioners to make a partition as required by Rule 761, T.R.C.P., which superseded Art. 6087, Vernon's Ann.Civ. Stats. This rule provides in part that if the trial court determines that the property, or any part thereof, is susceptible of partition, "then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate, * * * and *shall* appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of

which commissioners may act." (Emphasis ours.)

■ We have been unable to find any authority to permit the trial court to disregard the mandatory requirement of this rule to appoint commissioners to partition the land. Appellee urges that the trial court has the power to do so under equitable principles. Both parties plead for general relief at law and in equity.

■ It is settled that a partition suit does not proceed independently of the rules of equity. In Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290, the Court said: "A partition suit, therefore, under the statute is not strictly a proceeding at law, for it is governed by the rules of equity in all things not expressly provided for in the statute. Furthermore, procedure under the statute is not obligatory. The court may administer relief upon the principles of equity without the aid of the statute." See also, Rule 776, T.R.C.P; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; O'Connor v. Delk, Tex.Civ.App., 249 S. W.2d 248; Burton v. Williams, Tex.Civ. App., 195 S.W.2d 245.

■ In none of these cases is there authority for the trial court to partition the tract without appointing commissioners. Rather, it is recognized that the trial court is authorized to instruct or direct the commissioners to make partition in such manner as will adjust the equities as found by the trial court. These directions, if necessary and appropriate, are properly given at the time of the entry of the first order or judgment in the partition suit. Mansfield v. Davenport, Tex. Civ.App., 362 S.W.2d 912; Marmion v. Wells, Tex.Civ.App., 246 S.W.2d 704, writ refused.

■ The court may take into consideration the improvements made by one of the co-owners and, if it can be fairly done, divide the property so as to give the im-

provements to the party who made them. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979; White v. Mitchell, 60 Tex. 164; Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 474; Sparks v. Robertson, Tex. Civ.App., 203 S.W.2d 622, writ ref.; Burton v. Williams, supra.

█ It is also well recognized that in partition proceedings, the court may, if necessary, divide the property into shares of unequal value and adjust the difference by owelty. Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164.

The judgment of the trial court is reversed and the cause remanded for new trial.