**C. E. BOUQUET, Appellant,**

v.

**Pearl BELK, Appellee.**

**No. 214.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 9, 1966.

Rehearing Denied June 29, 1966.

Strickland, Gordon & Sheinfeld by Gerald S. Gordon, Houston, for appellant.

Day, Dio & Fields by Jean Day, Port Lavaca, for appellee.

OPINION

NYE, Justice.

This is an appeal in a partition suit from the interlocutory judgment or decree in the sense that it is intermediate in relation to the second decree approving the Commissioners' report and vesting title to the property in the parties. This same case was previously on appeal from a judgment wherein the trial court had ordered partitioning of the property in kind, awarded appellee Belk a specific corner out of the tract of the partitioned property, and determined that the property was to be awarded in unequal values but the same would be adjusted by owelty. This was done without the aid of the Commissioners. On appeal to the 4th Court of Civil Appeals, the appellate court determined that the trial court's finding that the property was susceptible of partitioning in kind was fully supported by the evidence, and recognized that the court could divide the property into shares of unequal value and adjust the difference by owelty. Because of the mandatory provision for the appointment of the Commissioners the case was reversed and remanded for new trial. Rule 776, Texas Rules of Civil Procedure; Bouquet v. Belk, 376 S.W.2d 361, Tex.Civ.App. 1964.

The second trial was before a different trial judge but involved the same facts and substantially the same witnesses. Briefly, the facts are as follows: Appellant filed suit for partition of a ten-acre tract as owner of a five-sixths undivided interest in the land located in Calhoun County, Texas. He alleged that the land was incapable of fair and equitable partition in kind and sought a sale of the property through a court appointed receiver. Appellee, as owner of the other one-sixth interest, sought partition in kind and allocation or award to her of a specific corner of the tract on which improvements were located which she owned, and where a business was located that she had developed with the knowledge and consent of appellant.

The case was tried before the court without a jury. The trial court entered a preliminary decree of partition; found that C. E. Bouquet owned a five-sixths interest; and appellee Pearl Belk owned a one-sixth interest in the property as alleged and asserted. The trial court further found that appellee owned the improvements erected by a former lessee and that she had operated a business on such property in excess of ten years. The court further found that it would be unjust and inequitable to deprive appellee of the title and use of the corner where the improvements were located; that it would be impossible to remove such improvements without destroying the value thereof; awarded to appellant Bouquet, a five-sixths interest in the property; and awarded appellee Belk a one-sixth interest in the property which included the corner where the improvements were located. The court appointed three disinterested commissioners and ordered the commissioners to allot appellee the corner portion of the property where her improvements were located with sufficient area to conduct her business; to determine the value thereof; and if the portion of the corner allotted to appellee was greater in value than one-sixth of the value of the entire ten acres of land, then to determine the value thereof; and if owelty was owed, the commissioners should determine the amount that the value of said portion exceeds the value of one-sixth of the value of the entire ten-acre tract.

Appellant perfected his appeal from this judgment asserting (1) that the court erred in determining that the property is susceptible of fair and equitable partition in kind; (2) the court erred in awarding the specific tract out of the corner of the property subject to owelty; points (3), (4), (5), (6) and (7), that there is no evidence or insufficient evidence to support the holding of the trial court that appellee established or owned an equitable right, title or interest in the corner of the property sought to be partitioned.

■ The primary controversy was correctly stated in the previous appeal which is to the effect that because the corner of the ten-acre tract fronting on two well travelled roads is the most valuable part of the land, could it be partitioned in kind? Testimony from four witnesses fully supported the trial court's finding that this property was susceptible of partitioning in kind. It has been generally stated that the law favors partition in kind, rather than sale with partitioning of the proceeds where the evidence supports it. Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299 (1925), wr. den., 116 Tex. 355, 292 S.W. 156; Irons v. Fort Worth Sand & Gravel Company, Tex.Civ.App., 1955, 284 S.W.2d 215, n. r. e.; Poenisch v. Quarnstrom, Tex.Civ. App., 386 S.W.2d 594, ref., n. r. e.; Carr v. Langford, 144 S.W.2d 612, affirmed, 138 Tex. 330, 159 S.W.2d 107 (1942).

Appellee's two sons had leased the corner of the ten-acre tract in 1949. With money, most of which was furnished by their mother, they erected a frame building with concrete floors and a concrete extension for a dance pavilion. Appellee and her two sons operated the "Friendly Inn" and a liquor store throughout this period of time. In 1958 appellee's sons transferred to their mother all the rights that they had in the building. After the expiration of the lease in 1959, appellee continued to operate the business, making extensive repairs and additions up to and including 1962. The structure and improvements were worth in excess of $6,000.00. Appellant admits that the improvements belong to appellee and suggests that these improvements can be removed by her, to which he has no objection. He argues, however, that because of the extra value of the corner, the property should be sold and the proceeds divided in accordance with the interests of the parties.

The trial court found in response to requests of findings of fact and conclusions of law, that the appellee Pearl Belk had created a business for over ten years on

the corner where the improvements were located; and that during the period of such use she created a business upon which her livelihood depends, all with the knowledge of the appellant. By virtue of such use, the court found that it would be unjust and inequitable to deprive her of the title and use of the corner; that it would be impossible to remove her improvements off the property without seriously damaging and probably destroying their value. Other evidence showed that appellee was a widow living at home with her maiden daughter and the revenue she received from the business where the improvements were located, were her only means of earning a livelihood. The court found that the property was susceptible of partitioning in a manner fair and equitable to both parties and that it would be inequitable to deprive the appellee of the title and use of the corner where her improvements were located.

As stated in Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290, at page 296 (1939):

"At a very early date courts of equity assumed jurisdiction in cases of partition, and even after partition at common law was extended by statute to joint tenancies and tenancies in common, the remedy in the law courts was still so narrow and imperfect that the jurisdiction of equity in partition soon became almost exclusive. Pomeroy's Equity Jurisprudence (2d Ed.) Vol. 5, Secs. 702, 703, pp. 4781–4785; Story's Equity Jurisprudence (14th Ed.) Vol. 2, Sec. 843, pp. 251, 252. In this state partition by suit, whether brought under the statute or without the aid of the statute, does not proceed independently of the rules of equity. * * *"

Again, the Supreme Court in Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, said:

" * * * In a partition proceeding the court has a right to adjust all such equi-ties, and, if necessary, to fix a lien to secure the payment of same * * *" citing cases.

See also Rule 776, T.R.C.P.; Daken v. Daken, 125 Tex. 305, 83 S.W.2d 620; O'Connor v. Delk, Tex.Civ.App., 249 S.W. 2d 248; Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, ref. n.r.e. As stated by Justice Barrow in Bouquet v. Belk, supra:

"The court may take into consideration the improvements made by one of the co-owners and, if it can be fairly done, divide the property so as to give the improvements to the party who made them. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979; White v. Mitchell, 60 Tex. 164; Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d [472] 474; Sparks v. Robertson, Tex.Civ.App., 203 S.W.2d 622, wr. ref.; Burton v. Williams [Tex.Civ.App., 195 S.W.2d 245]."

The court continues,

"It is also well recognized that in partition proceedings, the court may, if necessary, divide the property into shares of unequal value and adjust the difference by owelty. Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164."

See also, George v. Taylor, 296 S.W.2d 620, and Poenisch v. Quarnstrom, 386 S.W. 2d 594, ref., n.r.e. We hold the evidence fully supports the findings of the trial court. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellant contends that rules of law in trespass to try title suits under Rule 806, T.R.C.P., and Art. 7393–7401, V.A.C.S., are applicable to the present suit. Under the facts before us, we believe appellant's contention is without merit. Appellant's points are overruled.

Judgment of the trial court is affirmed.

GREEN, C. J., not participating.