ACCEPTED
06-14-00079-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/11/2015 11:54:38 AM
DEBBIE AUTREY
CLERK

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/11/2015 11:54:38 AM

DEBBIE AUTREY
Clerk

-------------

MONDE STRACENER

Appellant

V.

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

-------------

Appealed from the 115th Judicial District Court
Of Upshur County, Texas

-------------

APPELLANT'S BRIEF

Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545

ATTORNEY FOR APPELLANT

APPELLANT REQUEST ORAL ARGUMENT

## IDENTITY OF PARTIES & COUNSEL

**Appellant:**

Monde Stracener

**Counsel for Appellant:**

*Trial and Appellate Counsel*:
Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545
E-Mail: mintonbrown@suddenlinkmail.com

**Appellees:**

Doug Stracener, Bernice Stracener, and Joey Stracener

**Counsel for Appellees:**

*Trial and Appellate Counsel*:
David B. Griffith
Griffith Law Firm PC
P. O. Box 864
Gilmer, Texas 75644-0864
Telephone: (903) 843-5005
Facsimile: (903) 843-5392
E-Mail: davidg@griffithlawfirm.com

**Presiding Judge:**

The Honorable Richard D. Davis

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL………………………………………..……...…i

TABLE OF CONTENTS…………………………………………………………..…….ii

INDEX OF AUTHORITIES……………………………………………………..…iii

STATEMENT OF THE CASE…………………………………………………………...v

ORDER FROM WHICH RELIEF IS SOUGHT……………………………………………….v

ISSUES PRESENTED…………………………………………………………..vi

STATEMENT OF FACTS……………………………………………………….…2

SUMMARY OF ARGUMENT……………………………………………………...3

ARGUMENT & AUTHORITIES……………………………………………….…..5

     A.    Combined Issues……………………………………………………5

CONCLUSION………………………………………………………………..…9

PRAYER…………………………………………………………………...…..9

CERTIFICATE OF SERVICE………………………………………………………..10

APPENDIX:

    1.    Amended Decree Ordering Partition and Appointing Commissioners
    2.    Amended Report of Commissioners
    3.    Final Decree of Partition

# INDEX OF AUTHORITIES

CASES                                                                    PAGE(S)

Becker v. Becker, 639 S.W. 2d 23 (1982-Civ. App.)

Bonquet v. Belk, 404 S.W. 2d 862 (1996-Civ. App.)

Benson v. Fox, 589 S.W. 2d 823 (1979-Tex. Civ. App.)

Burkitt v. Broyles 340 S.W. 2d 822 (1960-Tex. Civ. App.)

Burton v. Williams 195 S.W. 2d 245 (1946-Tex. Civ. App.)

Campbell v. Tuffs, 3 S.W. 3d 256 (1999-Tex. App.)

Christensen v. Harkins, 740 S.W. 2d 69, 74 (1987- Tex. App.)

City of Keller v. Wilson, 168 S.W. 3d 802 (2005-Tex.)

Ellis v. First City National Bank, 864 S.W. 2d 555 (1993-Tex. App.)

Griffin v. Wolf, 610 S.W. 2d 466 (1980-Tex.)

Kelley v. Harsch, 161 S.W. 2d 563 (1942-Tex. Civ. App.)

Marmion v. Wells, 246 S.W. 2d 704 (1952-Tex. Civ. App.)

Martin v. Desohs I. Limited, 951 S.W. 2d 821 (1997-Tex. App.)

Estate of Mitchell, 20 S.W. 3d 160 (2000-Tex.App.)

Estate of Querner, 974 S.W. 2d 159 (1998-Tex. App.)

Price v. Price, 394 S.W. 2d 855 (1965- Civ. App.)

Snow v. Donelson, 242 S.W. 3d 570 (2007-Civ. App.)

Taub v. Kalin, et vir, 646 S.W. 2d 570 (1982-Civ. App.)

Voth v. Felderhoff, 768 S.W. 2d 403 (1989-Tex. App.)

Woodland v. Wisdom, 975 S.W. 2d 712 (1998- Civ. App.)

Youngs v. Choice, 868 S.W. 2d 850, 852 (1993-Tex. App.)

Yturria v. Kimbro, 921 S.W. 2d 338 (1996-Tex. App.)

RULES

TX Rules of Civil Procedure, Rule 760

TX Rules of Civil Procedure, Rule 761

TX Rules of Civil Procedure, Rule 766

TX Rules of Civil Procedure, Rule 769

## STATEMENT OF THE CASE

This is an appeal from the Final Decree of Partition, (CR-80) rendered in Cause 135-06, styled Mondee Stracener v. Doug Stracener, Bernice Stracener, and Joey Stracener, in the 115th District Court of Upshur County, Texas. The suit was over the partition of a tract of 54.883 acres of land, owned jointly by Plaintiff and Defendants, this proportionate ownership was unequal.

A report of commissioners was filed, to which objections were filed by two different council for Plaintiff, Mondee Stracener. Upon the hearing of such objection, the Court required the Report of Commissars to be amended to place values on the whole, the individual shares partitioned, and the value of what has been referred to as certain improvements, being a paved runway, and a house.

The Court entered its Final Decree of Partition, (CR-80) approving the Amended Report of Commissioners, (CR-65) and attaching a copy of such amended report to the final order, on July 11, 2014, filed of record on July 15, 2014.


## ORDER FROM WHICH RELIEF IS SOUGHT

The Final Decree of Partition, (CR-80) signed July 11, 2014, filed of record on July 15, 2014, approving Amended Report of Commissioners, (CR-65).

## ISSUES PRESENTED FOR REVIEW

1.      The Court erred in advising Special Commissioners to consider the value of the house, in partitioning out to Mondee Stracener his portion of the 54.883 acre tract, the subject of the partition suit in the trial court, in contravention of the Amended Decree Ordering Partition and Appointing Commissioners First Order, (CR-17).

2.      The Court erred in failing to instruct Commissioners to exclude the value of the house from consideration in amending the Report of Commissioners, (CR-25) resulting in an unjust and inequitable partition of the property.

3.      The Court erred in its Final Decree of Partition (CR-80) (Second Order) by approving an unjust and inequitable partition, in contravention of the Amended Decree Ordering Partition and Appointing Commissioners, (CR-17) which became final and unappealable on December 9, 2011.

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

-------------

MONDE STRACENER

Appellant

V.

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

-------------

Appealed from the 115th Judicial District Court
Of Upshur County, Texas

-------------

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

MONDE STRACENER, Appellant, appeal from the trial courts Final Decree of Partition, (CR-80) entered the 11th day of July, 2014. The Decree should be reversed on the following bases:

1

## STATEMENT OF FACTS

As previously stated, Mondee Stracener filed this partition suit in the 115th District Court of Upshur County, Texas. He sued Doug Stracener, Bernice Stracener, and Joey Stracener for partition of a 54.883 acre of land, situated in Upshur County, Texas. The three Special Commissioners appointed by Amended Decree of Ordering Partition and Appointing Commissioners, (CR-17) filed a Commissioners Report, (CR-25) on August 9, 2013, partitioning the 54.883 acres of land into three separate portions, such report failing to assess value to the whole of the land to be partitioned, or to any of the shares.

Objections, two, (CR-36 and CR-40) on behalf of Plaintiff, to Report of Commissioners were filed and hearing was set.

At hearing on November 18, 2013, Milton Wiley, one of the Special Commissioners, was called to testify concerning the partitioning of the property by Special Commissioners, (RR-8). Mr. Wiley testified that the commissioners considered the value of the house in deciding the partition of the share to Mr. Stracener, and claims they considered the value of the house as improvements, in evaluating the whole of the property, (RR-12 and RR-13). Mr. Wiley testified that he did not go upon the land, (RR-27) . He also testified that he understood that the house belonged to Mondee Stracener, Plaintiff, (RR-40).

Mr. Darrell Ray, one of the Special Commissioners, was called to testify, (RR-40) and he testified that the house was considered and its value in determining the value of the whole, and the share set aside to Plaintiff, Mondee Stracener, (RR-63).

Mondee Stracener, was called to testify, (RR-67) and he placed the value of the property based upon his opinion at the total value of $164,039.00, (RR-75). Beginning on (RR-75), Mr. Stracener evaluated the portion of property set aside to Defendants Doug Stracener and Bernice

2

Stracener, and testified as to the evaluation on the 68.75% portion of the surface set aside to him. Mr. Dwight Brannon, one of the Special Commissioners, was called to testify, (RR-100). Mr. Brannon testified that he was an Attorney as well as a Special Commissioner, and that he was cognizant of the contents of the first decree, known as the Amended Decree Ordering Partition and Appointing Special Commissioners, (CR-17). Mr. Brannon testified that the value of the house was included in evaluating the whole, (RR-106 and RR-114). Mr. Brannon testified to the house value as being $30,000.00 to $40,000.00, (RR-107). Mr. Brannon testified that he was only familiar with whatever could be seen from the highway, as to the property to be partitioned, (RR-110 and RR-112). Mr. Brannon testified that he did not go upon the land, but went to the driveway, and that he did not go back into the land. He further testified that neither Mr. Ray nor Mr. Wiley went back onto the property, (RR-112).

The Court ordered the Special Commissioners to amend their report of commissioners to place values on the whole and values of each share partitioned to each party, and to establish a value for the house and the runway, as improvements, (RR-119).

On November 25, 2013, the Amended Report of Commissioners (CR-65) was filed of record and on July 11, 2014, The Court entered the Final Decree of Partition, same being filed on July 15, 2014, in the 115th Judicial Court, (CR-80).

Notice of Appeal was taken by Mondee Stracener, Plaintiff in the underlying cause, (CR-96).

## SUMMARY OF ARGUMENT

This case comes on the contents and effect of the Order Decreeing Partition and Appointing Commissioners, which became final after being appealed to the 112th Court of

3

Appeals in Tyler, Texas. It ordered the single family dwelling, and 1 acre to Mondee Stracener as his sole property, in his own right (not jointly owned), and that partition be made that he "to have set aside as part of his 68.75% interest that portion of the property upon which the home is situated". (CR-20) Further, the Courts orders "that the above described single family dwelling and 1 acre on which the house rest is awarded to Mondee Stracener, Plaintiff, and that, in addition, his share of the real property is set aside to include such improvements," (CR-20). It is the position of Plaintiff that the single family dwelling, which was reconstructed from the remnants of a fire to the property with his own money, was decreed to be his separate property, and that the portion that would be set aside to him was to include the house, but that the value of the house was not to be considered in determining the value of the 68.75% set aside to Mondee Stracener.

It is a contention of the Plaintiff that this amended order referred to established the title to the house in Mondee Stracener, separate and apart from the jointly owned property, and that the commissioners and the court have ignored the directions and instructions conveying in such order "to make such partition and accordance with such decree and the law", as required by Texas Rule of Civil Procedure 761. Such Amended Decree may not be altered, corrected, or changed in any manner, but that such order is a final order, and is binding.

## ARGUMENTS AND AUTHORITIES

The issues presented for review can all be covered by argument and authorities at one time, avoiding the multiplicity and duplication of authorities, which pertain to the same subject. The issues restated are as follows:

A.      The Court erred in advising Special Commissioners to consider the value of the house, in partitioning out to Mondee Stracener his portion of the 54.883 acre tract, the subject of the partition suit in the trial court, in contravention of the Decree Ordering Partition and Appointing Commissioners First Order.

B.      The Court erred in failing to instruct Commissioners to exclude the value of the house from consideration in amending the Report of Commissioners, resulting in an unjust and inequitable partition of the property.

C.      The Court erred in its Final Decree of Partition (Second Order) by approving an unjust and in equable partition, in contravention of the Decree Ordering Partition and Appointing Commissioners, which became final and unappealable on December 9, 2011.

### I.

Under Texas Rule of Civil Procedure 760, upon the initial hearing, the Court is to determine the proportionate ownership of the joint owners or claimants in the real estate ought to be divided and all questions of law and equity affecting the title to such land which may arise. Since the word "land" involves real estate, any improvements permanently attached to the premises would be considered. Upon hearing had, the Court, in accordance with the authority of Tex. R. Civ. App. 761, shall enter an order directing partition in kind, or by sale, and appoint Special Commissioners. "a Partition case, unlike other proceedings, has to final judgments and

5

the first one is appealable as a final judgment. Griffin v. Wolf, 610 S.W. 2d 466, (Tex. 1980). As stated in Ellis v. First City National Bank 864 S.W. 2d 555 (Tex. App. Tyler 1993, Writ Denied), all questions of law and equity affecting the title are determined in such first decree. In the case at hand, this was done on June 21, 2010, and filed on June 22, 2010, in the 115th Judicial District Court of Upshur County, Texas. This authority to adjust the equities is further supported by Yturria v. Kimbro, 921 S.W. 2d 338 (Tex. App.-Corpus Christi 1996, no writ). Also taking this position is the case of Snow v. Donelson, 242 S.W. 3d 570 (Tex. App.-Waco 2007, no pet.)

At the initial hearing, proof can be made to the finder of fact as to the existence, value, and <u>ownership of improvements to the property at the time of partition</u>, as well as other equitable considerations. In our situation, the Amended Decree Ordering Partition and Appointing Commissioners, dated July 19, 2010, (CR-17) made an equitable finding in Paragraph No. 7, "that the single-family dwelling and 1 acre is ordered Mondee Stracener's <u>sole property in his own right</u> and that upon partition, he is entitled to have set aside as part of his 68.75% interest that portion of the property <u>upon which the home is situated</u>." This statement does not state that the single-family dwelling and 1 acre is to be considered a part of his 68.75% interest of the property partitioned, but that the partition is to be done in such a way that the single-family dwelling and 1 acre, can be placed upon it. Further, the finding of sole property, is contrary to a finding of jointly owned property, and vests sole title in him, rather than jointly owned property subject to partition. In furtherance of that equitable finding, the Court then orders "it is, therefore, ordered that the forgoing property is partitioned between the above named parties such that the value of the parcels allotted to each party reflects the parties interest as recited above, and that the above described single-family dwelling and 1 acre on which the house rest is awarded to Mondee Stracener, Plaintiff, and that, in addition (which means also, added to, not

6

part of the subject matter) his share of the property is set aside to include such improvements." This position was supported by the case of Price v. Price, 394 S.W. 2d 855 (Tex. Civ. App.-Tyler 1965, ref'd n.r.e.). In the previous appeal of the first decree, referred to in the mandate (CR-22), the Court in Tyler found "the trial court also found that a residence and 1 acre of land was Mondee's sole property and ordered that, upon partition, the residence and land be set aside as part of his interest." The matter of his residence and 1 acre was not decided as to title or equitable consideration by the Tyler Court in Mondee Stracener Appellant vs. Doug Stracener etal, No. 12-10-00270-CV, Memorandum of Opinion, published on July 13, 2011, a rehearing overruled August 30, 2011. It has been inferred that the Tyler Court has already passed on this issue of the house and 1 acre, but such entrance is incorrect. In entering its Decree Ordering Partition (first decree) which was final before the filing of the Report of Commissioners or Amended Report of Commissioners, issues involved in that time cannot be collaterally attached, Estate of Mitchell, 20 S.W. 3d 160 (Tex. App.-Texarkana 2000, no Pet.); Kelley v. Harsch, 161 S.W. 2d 563 (Tex. Civ. App.-Austin 1942, no writ).

The placing of improvements on property set aside to one of undivided interest owners is this discussed at length in the case Bonquet v. Belk, 404 S.W. 2d 862 (Tex. Civ. App. 1966) that case discussed the placing of improvements on the portion set aside to the "sole owner" of the improvements, as long as such did not seriously damage or destroy their value or the value of any of the other shares of other parties to the partition. Other cases that follow this line of reasoning is Campbell v. Tuffs, 3 S.W. 3d 256 (Tex. Civ. App.-Waco 1999) holding that the Court, in the event that the report is erroneous "in any material aspect or unequal and unjust" the Court should reject the report and appoint other commissioners to partition the land. The report in our case is unequal and unjust, and does vary with the terms and provisions of the first decree,

7

which has become final. The commissioners, and the Court in entering its amended decree of partition, totally ignored the finding of the Court in the first order, that the house and 1 acre was the sole property of Mondee Stracener. See Yturria v. Kimbro, ante, and Martin v. Desohs I. Limited, 951 S.W. 2d 821 (Tex. App.-San Antonio 1997, no pet.) further see Burton v. Williams 195 S.W. 2d 245 (Tex. Civ. App.-Waco 1946, ref'd, n.r.e.) the same Waco Court has said in the case of Burkitt v. Broyles 340 S.W. 2d 822 (Tex. Civ. App.-Waco 1960, ref'd, n.r.e.) stated "by the preliminary decree (first decree) the merits of the case are certainly determined and the rights of the parties concluded; nor should such decree be controlled or revised unless upon appeal or writ of error (this has not occurred in this case) the only question that could properly arise on the Report of the Commissioners would be as to the conformity of the division with the rules settled by the decree and as such would arise upon the acts of Commissioners" the errors alleged in this appeal were committed by the Commissioners and by the Court, by the Commissioners entering a Report of Commissioners and an Amended Report of Commissioners that did not take into consideration the vesting of the sole title in Mondee Stracener of the house and 1 acre in the amended order directing partition and the appointment of Commissioners (CR-17), and the Court committed the same error by approving the Report of Commissioners, effectively attempting to alter the terms and provisions of a final judgment, being the first decree entered in the trial court.

The trial court cannot relitigate to issues that were to be determined in the first decree, and in the case at hand, in the Amended Order Directing Partition and Appointing of Commissioners. See Campbell v. Tuffs, ante; Marmion v. Wells, 246 S.W. 2d 704 (Tex. Civ. App.-San Antonio 1952); Benson v. Fox, 589 S.W. 2d 823 (Tex. Civ. App.-Tyler 1979); and Voth v. Felderhoff, 768 S.W. 2d 403 (Tex. Civ. App.-Fort Worth 198) the Amended Final Decree of Partition rendered by the trial court in the case at hand, by ignoring the directions of

8

the Amended Decree Directing Partition and Appointed Commissioners, which had become final, has approved a Report of Commissioners which is materially erroneous, and it is certainly unequal and unjust, in that it includes solely owned property, the value of which has been utilized in determining the value of the whole, as evidenced by the Amended Decree Ordering Partition filed herein, (CR-17). The position for this appellate court to take because of such error of the trial court is addressed in the case of Ellis v. First City National Bank, 864 S.W. 2d 555 (Tex. Civ. App.-Tyler 1993) and Yturria v. Kimbro, ante.

## CONCLUSION

Due to the fact that the Amended Decree Ordering Partition and Appointing Commissioners, (CR-17) finding, and ordered, that the house and 1 acre was the sole property of Mondee Stracener, the Partition of his 68.75% should have been valued out of the value of the whole, without considering the value of the house and the 1 acre in deciding the total value of the whole, and therefore, would not have been a part of the calculations of 68.75% of such total value. By including the house and the 1 acre, a value already owned by Mondee Stracener was credited against him in determining how much acreage of the property under partition should be set aside to equal 68.75% of the whole. In other words, Mondee Stracener was awarded as part of his division, property that he already owned, and had been so determined by the Court in its first decree, which became final, being the Amended Decree Ordering Partition and Appointing Commissioners, (CR-17).

## PRAYER

For the reason stated in this Brief, the Appellant, Mondee Stracener, asks the Court to reverse the trial court's Final Decree of Partition dated July 11, 2014, and file on July 15, 2014,

9

issued directions to the Court to enter such an order dismissing the Commissioners, and

appointing new commissioners to make a fair and equitable and just partition of the properties.

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543
(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

**BY:** **/s/ Robert M. Minton**
ROBERT M. MINTON
Attorney for Appellant
Bar Card #14195000

## CERTIFICATE OF SERVICE

I certify that on **February 11, 2015**, a true and correct copy of Appellant's Motion to Extend Time to File Appellant's Brief was served on **David B. Griffith** electronically at **davidg@griffithlawfirm.com** and the electronic transmission was reported as complete.

**/s/ Robert M. Minton**
ROBERT M. MINTON
E-mail:mintonbrown@suddenlinkmail.com

10